UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMMY KOVACIC,

        Plaintiff,

      v.                                    Case No. 25-CV-992

DEPUTY S. KETTLESON,
DEPUTY R. SCHLOSSER,
DEPUTY WEASNER,
DEPUTY SCOTT RASMUSSEN,
WAUSHARA COUNTY, and
FOND DU LAC COUNTY,

        Defendants.

# ORDER

Before the court is plaintiff Tammy Kovacic's Motion for Leave to Proceed without Prepayment of the Filing Fee. (ECF No. 2.)

I. <u>MOTION TO PROCEED IN FORMA PAUPERIS</u>

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

## II. SCREENING PURUANT TO 28 U.S.C. § 1915

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations

2
Case 1:25-cv-00992-BBC    Filed 08/27/25    Page 2 of 9    Document 5

must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

a) *Kovacic's Allegations*

Kovacic is a Wisconsin resident and licensed hemp producer. (ECF No. 4 ¶ 4.) She brings this action against Fond du Lac County sheriff deputies S. Kettleson and R. Schlosser, Waushara County sheriff deputies Weasner and Scott Rasmussen, Waushara County, and Fond du Lac County pursuant to 42 U.S.C. § 1983, alleging the violation of her Fourth and Fourteenth Amendment rights. The court has jurisdiction over Kovacic's § 1983 claims under 28 U.S.C. § 1331.

Kovacic alleges that on December 28, 2024, Kettleson stopped her for an obstructed rear window and a defective mirror on the vehicle she was operating. After asking her if there was anything in her vehicle that might cause a canine to alert, she

stated that there was hemp in her trunk. Kettleson ordered her to open the trunk and he and Schlosser, who had arrived later, inspected each package.

Kovacic also points to two incidents at the Waushara County Courthouse. In the first incident, which she says happened in 2024, Weasner followed her from the courthouse, detained her and interrogated her in the courthouse parking lot.

A second incident in April 2025 involved Rasmussen stopping and questioning her based on the fact that her clothing smelled like hemp.

Kovacic alleges that each incident was based on the deputies' smell of what they believed to be marijuana. What they actually smelled, according to Kovacic, was hemp, which was made legal under the 2018 Farm Bill and she was federally licensed to grow. Thus, each search or detention violated the Fourth Amendment.

The Wisconsin Supreme Court held in *State v. Moore*, 2023 WI 50, 408 Wis. 2d 16, 24, 991 N.W.2d 412, 416, that the smell of marijuana will ordinarily provide probable cause for a search even though there may be other innocent explanations for the smell such as CBD. *Id.*, ¶15; *see also State v. Secrist*, 224 Wis. 2d 201, 217-18, 589 N.W.2d 387, 394 (1999). Kovacic argues, in effect, that the Wisconsin Supreme Court was wrong, at least insofar as it applies to hemp. And that by following *Moore*, Waushara and Fond du Lac counties have adopted policies of violating the constitution.

b) <u>Analysis</u>

The Fourth Amendment guarantees the right of persons to be free from "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. This principle applies to the state by way of the Fourteenth Amendment. *See Aguilar*

*v. Texas*, 378 U.S. 108 (1964) (warrant requirement); *Wolf v. Colorado*, 338 U.S. 25 (1949) (freedom from unreasonable searches and seizures). The Fourth Amendment's protection extends beyond searches and seizures of property to include seizures of persons by restraining their liberty either through physical force or a show of authority. *Torres v. Madrid*, 592 U.S. 306, 311 (2021). "[T]he ultimate touchstone of the Fourth Amendment" in evaluating law enforcement action is "reasonableness," *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Reasonableness is evaluated "by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996).

Because the reasonableness of a search or seizure depends on the totality of the circumstances, dismissal at the screening stage is often inappropriate. Relevant details not contained in Kovacic's amended complaint include whether the deputies knew that she was a federally licensed hemp farmer.

Nonetheless, it is clear from the face of the amended complaint that the individual defendants are entitled to qualified immunity. Dismissal on the basis of qualified immunity is appropriate if the plaintiff's "well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law.'" [Hanson v. LeVan, 967 F.3d 584, 590 (7th Cir. 2020)](#) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)).

As Kovacic underscores, the deputies' actions were consistent with a recent decision of Wisconsin Supreme Court. Absent truly extraordinary circumstances not alleged here, a deputy sheriff acting in accordance with a decision of his state's

highest court cannot be said to have violated a clearly established right. *Cf. Plumhoff v. Rickard*, 572 U.S. 765, 778-79, 134 S. Ct. 2012, 2023 (2014).

To overcome qualified immunity Kovacic must be able to show that it was clearly established that the smell of marijuana does not provide a basis for law enforcement to stop or search a person. Instead, Kovacic points to a case holding the exact opposite—that notwithstanding possible innocent explanations, the smell of marijuana justifies a search. Kovacic's assertion that *Moore* was wrongly decided cannot overcome qualified immunity. Kovacic's claim for damages against the individual deputies cannot proceed.

As for Kovacic's claim against the counties, a municipality is liable under § 1983 only for its own actions in the form of a policy or custom or a decision by a person with policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Kovacic alleges that "Waushara County and Fond du Lac County have policies or customs—endorsing Moore doctrine and odor based stops—that caused the constitutional violations above." Unlike an individual, a municipality is not entitled to qualified immunity for its unconstitutional actions. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S. Ct. 1160, 1162, 122 L.Ed.2d 517, 523 (1993).

For example, Kovacic may be able to prove that the counties had a policy of training its deputies to detain and search individuals based on the smell of marijuana along and without regard for any other factors. If Kovacic could prove that such a policy was unconstitutional, it is plausible that Waushara and Fond du Lac counties

7

could be liable for any damages Kovacic sustained as a result. *See Comsys Inc. v. City of Kenosha*, 402 F. Supp. 3d 507, 516 (E.D. Wis. 2019) (noting that the individual defendants' qualified immunity does not bar a *Monell* claim against a municipality).

Kovacic also seeks equitable relief against the individual and municipal defendants. Qualified immunity does not bar a claim for equitable relief. *Denius v. Dunlap*, 209 F.3d 944, 959 (7th Cir. 2000). Although the nature and scope of such equitable relief may be limited, particularly with respect to the individual deputies, it is plausible that the allegations in the amended complaint could give rise to such relief. Therefore, Kovacic's claim for equitable relief is sufficient to proceed past this preliminary stage.

**IT IS THEREFORE ORDERED** that plaintiff Tammy Kovacic's Motion for Leave to Proceed without Prepayment of the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kovaci's claim for monetary relief against "Deputy S. Kettleson," "Deputy R. Schlosser," "Deputy Weasner," and Deputy Scott Rasmussen is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C.

8

Case 1:25-cv-00992-BBC     Filed 08/27/25     Page 8 of 9     Document 5

§ 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Clerk of Court
> Jefferson Court Building
> 125 S. Jefferson St - Room 102
> Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 27th day of August, 2025.

> *s/ Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge